UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS KELLON SLEDGE,

      Petitioner,

v.                                                Case No. 3:14cv92/MCR/CJK

JULIE JONES,[1]

      Respondent.

_____/

ORDER AND
REPORT AND RECOMMENDATION

      Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1). Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record (doc. 12). Petitioner opposes dismissal (doc. 16). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes

---

[1] Julie Jones succeeded Michael Crews and Interim Secretary Timothy H. Cannon as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed. R. Civ. P. 25(d).

that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On July 22, 2010, petitioner was charged by Information filed in the Circuit Court for Escambia County, Florida, Case No. 10-CF-3012, with Robbery With a Firearm (Count 1) and Aggravated Assault By Threat With a Firearm (Count 2). (Doc. 12, Ex. A, p. 1).[2]  The charge on Count 1 was amended on September 23, 2010, to Robbery With a Firearm Wearing a Mask.  (Ex. A, p. 2).  On December 17, 2010, pursuant to a counseled, negotiated plea agreement, the State nolle prossed Count 2, and petitioner entered a straight-up no contest plea to the lesser included offense of Robbery Without a Weapon While Wearing a Mask on Count 1, thereby reducing petitioner's maximum sentence exposure from life to 30 years in prison.  (Ex. A, pp. 3-6).  After conducting an extensive plea colloquy, the trial judge found petitioner's plea freely, voluntarily and knowingly made, and accepted petitioner's plea.  (Ex. B). On January 20, 2011, petitioner was adjudicated guilty of Robbery Without a Weapon While Wearing a Mask, and sentenced to 15 years imprisonment.  (Ex. A, pp. 12-18). Judgment was rendered that day, January 20, 2011.  (*Id.*).  Petitioner did not take a direct appeal.  (Doc. 1, p. 2; Doc. 12, Ex. PD).

On August 20, 2011, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. C, pp. 1-33).  The state circuit court struck the motion as facially insufficient with leave to amend.  (Ex. C, pp. 34-35).  Petitioner filed an amended motion on August 24, 2011, (Ex. C, pp. 36-61), but on May 14, 2012, filed a notice of voluntary dismissal (*id.*, pp. 62-65).  On June 6,

---

[2]All references to exhibits will be to those provided at Doc. 12, unless otherwise noted.

2012, the state circuit court entered an order dismissing petitioner's amended Rule 3.850 motion pursuant to petitioner's voluntary dismissal. (Ex. C, p. 66). The dismissal was without prejudice to petitioner's right to file a subsequent timely motion for postconviction relief. (*Id*.).

On January 2, 2013, petitioner filed another *pro se* Rule 3.850 motion. (Ex. D, pp. 1-32). The state circuit court denied relief without an evidentiary hearing. (Ex. D, pp. 33-58). The Florida First District Court of Appeal ("First DCA") summarily affirmed on November 19, 2013, per curiam and without a written opinion. *Sledge v. State*, 128 So.803 (Fla. 1st DCA 2013) (Table) (copy at Ex. E). The mandate issued January 23, 2014. (Ex. G).

Petitioner filed his federal habeas petition in this court on February 19, 2014. (Doc. 1). Respondent asserts the petition is untimely and should be dismissed. (Doc. 12).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Petitioner did not appeal from his judgment of conviction.  Accordingly, petitioner's judgment became final for purposes of § 2244(d)(1)(A) on February 21, 2011, which is 30 days after rendition of the January 20, 2011 judgment.[3]  *See* FLA. R. APP. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also* FLA. R.

---

[3]February 19, 2011, was a Saturday; and February 20, 2011, was a Sunday.

APP. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that if a defendant does not appeal his conviction or sentence, his judgment of conviction becomes final when the 30-day period for filing a direct appeal expires); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where habeas petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date the time for seeking direct review expired), *abrogated on other grounds by Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 179  L. Ed. 2d 252 (2011); *see also Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653-54, 656, 181 L. Ed. 2d 619 (2012) (holding that if a state prisoner does not pursue the highest level of review available to him in the state court system, he is not entitled to the additional 90 days for seeking certiorari review in the Supreme Court of the United States).

The limitations period began to run on February 22, 2011, and expired one year later on February 22, 2012, in the absence of tolling.  *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)).

Petitioner allowed 178 days of the limitations period to lapse before filing his first Rule 3.850 motion on August 20, 2011.  The parties do not dispute that this first postconviction proceeding remained pending, and tolled the limitations period, until

June 6, 2012, when the state circuit court rendered its order dismissing petitioner's amended motion pursuant to petitioner's notice of voluntary dismissal.  (Doc. 12, p. 4).

The limitations period began running once more on June 7, 2012, and expired 187 days later on December 10, 2012.  Petitioner's motion for postconviction relief filed on January 2, 2013, did not trigger the tolling benefit of § 2244(d)(2), because it was filed after the AEDPA's limitations period expired.  *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (*citing McCloud supra*, 560 F.3d at 1227, *and Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008), *abrogated on other grounds by Wall v. Kholi, supra*)).  Petitioner's federal habeas petition, filed on February 19, 2014, is untimely.

Petitioner's sole argument in opposition to dismissal is that *Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), controls this case and excuses his untimely filing because he did not have counsel during his postconviction proceeding.  (Doc. 16).  The Eleventh Circuit has expressly rejected petitioner's argument that *Martinez* applies to overcome the statute of limitations bar.  *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) (holding that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

Petitioner's federal habeas petition is untimely.  Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period.  Petitioner's failure to timely file his petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Julie Jones has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 12) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Thomas Kellon Sledge* in the Circuit Court for Escambia County, Florida, Case No. 10-CF-3012, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 12th day of January, 2015.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).